974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas Joel EVANS, Petitioner-Appellant,
v.
Gary L. HENMAN, Respondent-Appellee.
 No. 92-3201.
 United States Court of Appeals, Tenth Circuit.
 Aug. 25, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Evans, a federal inmate, appeals the denial of his petition for habeas corpus. We grant permission to proceed in forma pauperis and affirm.
 
 
 3
 Mr. Evans was convicted of a conspiracy to possess with intent to distribute 500 pounds of marijuana and of using a telephone to facilitate the commission of a felony. Mr. Evans appealed his conviction asserting: (1) improper joinder of defendants and offenses; (2) denial of a hearing outside the presence of the jury; (3) improper joinder of multiple conspiracies; (4) incomplete criminal conspiracy; (5) error in overruling second motion for new trial on newly discovered evidence; and (6) ineffective assistance of counsel. In case No. 89-3000, we affirmed Mr. Evans's conviction and left open for disposition certain issues under 28 U.S.C. § 2255. No. 89-3000 (Feb. 28, 1990).
 
 
 4
 Mr. Evans then filed his first petition under 28 U.S.C. § 2255 raising as issues: (1) ineffective assistance of counsel; (2) newly discovered evidence; (3) doubling of sentence; and (4) reduction of the conspiracy and telephone charges. Following an evidentiary hearing, relief was granted in part and the trial court resentenced Mr. Evans. Mr. Evans did not appeal this decision, stating "I did not want to wait for a year and a half to see if I could get the denied part overturned."
 
 
 5
 Mr. Evans then filed his second habeas petition alleging his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure. The district court denied relief and we affirmed. See No. 91-3164 (Aug. 5, 1991).
 
 
 6
 Mr. Evans then filed his third habeas petition alleging: (1) an illegal sentence in violation of both the ex post facto clause and the due process clause; (2) insufficient evidence; (3) evidence admitted in violation of the federal rules; (4) the alteration of evidence; and (5) violation of the Speedy Trial Act. Relief was denied by the trial court on the basis of an abuse of the writ. Mr. Evans did not appeal this decision.
 
 
 7
 Mr. Evans has now filed his fourth habeas petition in the district court alleging the same grounds for relief set forth in his third petition for habeas relief. This petition was predicated upon 28 U.S.C. § 2241. The district court denied relief stating:
 
 
 8
 Petitioner acknowledges that he has raised the same allegations of error in three unsuccessful attempts to obtain relief under 28 U.S.C. § 2255. The court finds no basis for concluding that the relief available under § 2255 was inadequate or ineffective for testing the legality of petitioner's confinement, and thus finds no jurisdiction for considering the present petition.
 
 
 9
 Mr. Evans appeals this decision pro se raising the same arguments advanced before the trial court. Appellee has not responded.
 
 
 10
 At some point litigation must cease. Our justice system does not permit a defendant to repeatedly advance the same issues nor does it permit a defendant the right to advance each new theory in separate actions. Mr. Evans has been given numerous opportunities to raise his contentions and he has done so. In fact, Mr. Evans has previously raised the same issues he is now attempting to raise. The trial court held Mr. Evans's third habeas petition was an abuse of the writ of habeas corpus undoubtedly reasoning that Mr. Evans had the prior opportunity to raise these issues and failed to justify why these issues were not previously raised. Mr. Evans is not now able to raise these same issues again. They were raised and ruled upon, and Mr. Evans accepted the decision when he failed to appeal. No one is entitled to litigate the same issues time and time again. All litigation must eventually end, and Mr. Evans's litigation is no exception.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3